UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
JACK DICKINSON,
                Plaintiff,
    v.
THE CITY OF KENT, *et al.*,
                Defendants.
_____)

No. C06-1215RSL

ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING STRICT LIABILITY AGAINST THE CITY OF KENT

## I. INTRODUCTION

This matter comes before the Court on plaintiff's "Motion for Partial Summary Judgment Re: Strict Liability Against City of Kent" (Dkt. #50). In his motion, plaintiff requests partial summary judgment against defendant City of Kent under Washington's strict liability dog bite statute, RCW 16.08.040. Defendant opposes summary judgment because it contends there are disputed issues of fact concerning: (1) whether plaintiff's commission of a felony proximately caused his injuries; (2) whether plaintiff's blood alcohol content proximately caused his injuries; (3) whether the use of force by the police dog was reasonable; and (4) whether plaintiff provoked police dog Jedi. For the reasons set forth below, the Court denies plaintiff's motion for partial summary judgment.

ORDER DENYING PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT
REGARDING STRICT LIABILITY
AGAINST THE CITY OF KENT

## II. DISCUSSION

**A.   Background**

As previously set forth in the Court's "Order Granting In Part and Denying In Part Individual Defendants' Motion for Summary Judgment Based on Qualified Immunity" (Dkt. #48), the following facts are not in dispute:

On October 6, 2003, at approximately 7:00 p.m., plaintiff and Wendy Gabel were in a green pickup truck at a McDonald's in the City of Kent where they were contacted by two Kent police officers, Officers Wales and Bourne. See Dkt. #22 (Bourne Decl.) at ¶4; Dkt. #28 (Dickinson Dep.) at 18:22-25. Plaintiff was in the passenger seat of the truck and Ms. Gabel was in the driver's seat. Id. Plaintiff and Ms. Gabel were instructed not to drive because they appeared intoxicated. Id. About an hour later, defendant Bateman was dispatched to investigate a possible DUI call involving a stolen green pickup truck. See Dkt. #22 (Bateman Decl.) at ¶3. As defendant Bateman responded, the truck turned into the parking lot of a 7-Eleven store in Kent. See Dkt. #29 (Bateman Narrative) at 1; Dickinson Dep. at 12:19-24. Defendant Bateman stopped the green pickup truck by driving his patrol car in front of it. See Bateman Decl. at ¶5. Defendant Bateman got out of his car and pointed his handgun at the cab of the truck. See Bateman Narrative at 1; Dickinson Dep. at 24:6-8. Defendant Bateman instructed the driver of the pickup, Ms. Gabel, to throw the keys out the window. See Bateman Decl. at ¶7; Dickinson Dep. at 21:5-9. During this time, plaintiff, who had been passed out in the passenger seat due to intoxication, woke up. See Bateman Decl. at ¶7; Dickinson Dep. at 13:11; 20:22. Plaintiff awoke still intoxicated and wrestled with Ms. Gabel in the front of the truck for the keys. See Bateman Decl. at ¶8; Dickinson Dep at 22:23-25; 25:2-13; 33:20-21. Ms. Gabel got out of the truck, but then attempted to return to the cab of the truck. See Bateman Decl. at ¶¶9, 10; Dickinson Dep. at 24:15-18. Defendant Ford and Officer Henson arrived at the incident. See Bateman Decl. at ¶11. When Ms. Gabel was returning to the truck, Officer Henson pulled her to

the ground and handcuffed her. See Bateman Decl. at ¶11; Dickinson Dep. at 26:2-3. Plaintiff was again ordered out of the truck. See Dkt. #22 (Ford Decl.) at ¶6; Dickinson Dep. at 26:2-5. Defendant Ford attempted to open the passenger door of the truck, but it was locked. See Ford Decl. at ¶7; Dickinson Dep. at 28:8-10. Plaintiff then reached for the passenger door lock. See Bateman Decl. at ¶12; Dickinson Dep. at 26:13-14. After plaintiff reached toward the lock, defendant Bateman opened the passenger door of the truck. See Bateman Decl. at ¶12; Dickinson Dep. at 28:8-10. After the door was open, defendant Ford sent police dog Jedi to extract plaintiff from the pickup. See Ford Decl. at ¶10; Dickinson Dep. at 13:23-24. Officer Bourne then arrived at the incident. See Bourne Decl. at ¶6. After police dog Jedi pulled plaintiff from the truck, plaintiff was handcuffed and taken to the hospital. See Ford Decl. at ¶10; Dickinson Dep. at 30:10-12. Plaintiff sustained puncture wounds on his leg at the time of the incident. See Dkt. #28 (Ford Narrative) at 2. In December 2003, plaintiff's leg was amputated below the knee. See Dkt. #24 (Spiegler Decl.) at 6.

**B.    Discussion**

    **1.    RCW 4.24.420 defense**

In his motion, plaintiff contends that he is entitled to summary judgment on his third cause of action for strict liability against defendant City of Kent under RCW 16.08.040 (Dog bites – liability), which states:

> The owner of any dog which shall bite any person while such person is in or on a public place or lawfully in or on a private place including the property of the owner of such dog, shall be liable for such damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness.

See Dkt. #1 (Complaint) at ¶50 ("The City of Kent, as owner of the dog, is strictly liable for the damages suffered by Mr. Dickinson under RCW 16.08.040."). Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

ORDER DENYING PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT
REGARDING STRICT LIABILITY
AGAINST THE CITY OF KENT                -3-

moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Defendant does not contest that RCW 16.08.040 applies to defendant as the owner of police dog Jedi. See Response; see also Smith v. City of Auburn, Case No. C04-1829RSM at Dkt. #95 (Order on Motion for Reconsideration) at 2 ("[R]uling that the municipality, as owner of the dog, may be held liable under the strict liability statute"). Instead, defendant contends that despite RCW 16.08.040, there are issues of fact concerning whether defendant is entitled to a complete defense to liability under RCW 4.24.420 because plaintiff's injuries were proximately caused by his commission of a felony. See Response at 5-7. Section 4.24.420 (Action by person committing a felony – Defense) states:

> It is a complete defense to any action for damages for personal injury or wrongful death that the person injured or killed was engaged in the commission of a felony at the time of the occurrence causing the injury or death and the felony was a proximate cause of the injury or death. However, nothing in this section shall affect a right of action under 42 U.S.C. § 1983.

As the Court has previously noted, given the stolen vehicle report, the individual defendants had probable cause to believe that plaintiff was committing the felony of taking a motor vehicle without permission. See Dkt. #48 at 7 (citing RCW 9A.56.070 (1975), recodified as RCW 9A.56.075(1); Washington v. Pettit, 93 Wn.2d 288, 292 (1980) ("The single crime of taking a motor vehicle without permission may be committed either by actually taking the automobile or by riding in it, knowing it to have been unlawfully taken.")). Revised Code of Washington 9A.56.068 also provides that "[a] person is guilty of possession of a stolen vehicle if he or she possesses a stolen motor vehicle," which is a class B felony. Id.

In this case, for purposes of summary judgment and viewing the facts in the light most favorable to defendant as the non-moving party, the Court finds that plaintiff was engaged in the commission of a felony at the time of police dog Jedi's deployment because plaintiff conceded at his deposition that he knew the green pickup truck was stolen:

ORDER DENYING PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT
REGARDING STRICT LIABILITY
AGAINST THE CITY OF KENT                -4-

> Q. How did you get in the truck in the first place?
> A. It was a stolen pickup and I had gotten in it.
> Q. And who stole the pickup? You or Wendy?
> A. Neither one of us.
> Q. Who stole it?
> A. Somebody that I know. I believe it was sold to me, but, yes, I knew it was stolen. I bought it stolen.

Dkt. #27 (Dickinson Dep.) 14:3-11; see Scott v. Harris, 127 S. Ct. 1769, 1774 (2007) ("[C]ourts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion.") (internal quotation marks and citation omitted).

Whether or not plaintiff's commission of a felony proximately caused his injuries involves disputed factual issues and therefore in this case under Washington law it must be resolved by the jury. See Petersen v. Washington, 100 Wn.2d 421, 436 (1983) ("We have consistently held that 'the question of proximate cause is for the jury, and it is only when the facts are undisputed and the inferences therefrom are plain and incapable of reasonable doubt or difference of opinion that it may be a question of law for the court.'") (quoting Mathers v. Stephens, 22 Wn.2d 364, 370 (1945)); 6 Washington Pattern Jury Instructions: Civil 15.01 (Proximate Cause), at 181 (2005) ("WPI"). Accordingly, whether or not RCW 4.24.420 provides a complete defense to plaintiff's strict liability claim is properly reserved for trial. See WPI 16.01 (Felony – Defense) at 197. Because defendant's opposition based on RCW 4.24.420 precludes plaintiff's motion for partial summary judgment, the Court does not need to reach defendant's remaining arguments in opposition to plaintiff's motion, including whether defendant City of Kent is liable under RCW 16.08.040 for a police dog's bite if the officer's ordering the dog to bite was reasonable under the Fourth Amendment. See Miller v. Clark County, 340 F.3d 959, 968 n.14 (9th Cir. 2003) ("[W]e conclude that the Washington Supreme Court would hold that a police officer is not liable under Rev. Code Wash. § 16.08.040 for a

ORDER DENYING PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT
REGARDING STRICT LIABILITY
AGAINST THE CITY OF KENT                    -5-

police dog's bite if the officer's ordering the dog to bite was reasonable under the United States Constitution's Fourth Amendment.").

### III.  CONCLUSION

For all of the foregoing reasons, plaintiff's "Motion for Partial Summary Judgment Re: Strict Liability Against City of Kent" (Dkt. #50) is DENIED.

DATED this 10th day of December, 2007.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT
REGARDING STRICT LIABILITY
AGAINST THE CITY OF KENT                    -6-