UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JACK DICKINSON,

                Plaintiff,

    v.

THE CITY OF KENT, *et al.*,

                Defendants.

No. C06-1215RSL

ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERT ALAN BAXTER

## I. INTRODUCTION

This matter comes before the Court on "Defendant's Motion to Exclude Testimony of Plaintiff's Expert Alan Baxter" (Dkt. #78). Defendants move to exclude, under Fed. R. Evid. 702 and Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993), the testimony of plaintiff's law enforcement expert Alan Baxter. For the reasons set forth below, the Court denies defendants' motion.

## II. DISCUSSION

**A.    Background**

In the interest of judicial economy, the Court refers to the background facts in the Court's "Order Denying Plaintiff's Motion for Partial Summary Judgment Regarding Strict Liability Against the City of Kent." See Dkt. #87 at 2-3.

ORDER DENYING DEFENDANTS' MOTION
TO EXCLUDE TESTIMONY OF PLAINTIFF'S
EXPERT ALAN BAXTER

**B.   Analysis**

Federal Rule of Evidence 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Under this rule, expert testimony is admissible if it is both relevant and reliable. Daubert, 509 U.S. at 589. In terms of relevancy, the "central concern" of Rule 702 is whether expert testimony is helpful to the jury. Mukhtar v. Cal. State Univ., Hayward, 299 F.3d 1053, 1063 n.7 (2002) (citing United States v. Rahm, 993 F.2d 1405, 1413 (9th Cir. 1993)). The Court finds that Mr. Baxter's testimony will be helpful to assist the jury because whether the deployment of police dog Jedi was reasonable under the facts of this case is an "issue beyond the common knowledge of the average layman." See United States v. Vallejo, 237 F.3d 1008, 1019 (9th Cir. 2001), as amended by 246 F.3d 1150 (9th Cir. 2001); Dkt. ##26, 27 (Baxter Decls.).

In Daubert, the Supreme Court also charged trial judges with the responsibility of acting as gatekeepers to prevent unreliable expert testimony from reaching the jury. Daubert, 509 U.S. at 597. The gatekeeping function applies to all expert testimony, not just testimony based on science. See Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999). However, "the test of reliability is 'flexible,' and Daubert's list of specific factors neither necessarily nor exclusively applies to all experts or in every case. Rather, the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination." Id. at 141-42 (emphasis in original).

Here, the specific Daubert gate-keeping factors[1] are not directly applicable to determining

---

[1] The Supreme Court in Daubert outlined four factors used in determining whether expert testimony is reliable. These factors are: [1] whether a "theory or technique . . . can be (and has been)

ORDER DENYING DEFENDANTS' MOTION
TO EXCLUDE TESTIMONY OF PLAINTIFF'S
EXPERT ALAN BAXTER                    -2-

whether Mr. Baxter's testimony is reliable because his expertise is based on experience with police practice rather than scientific expertise. Accordingly, the Court reviews Mr. Baxter's knowledge and specific qualifications in the context of this case.

Based on the Court's review, the Court finds that Mr. Baxter's testimony is reliable. Mr. Baxter is qualified to opine on the police practices at issue in this case.[2] As his curriculum vitae and declarations indicate, he has previously been employed as a K-9 patrol officer, and has trained police patrol officers and supervisors in the United States. See Dkt. #83 (Baxter Decl.). Not only is Mr. Baxter qualified, but his method of collecting and analyzing information in light of proper police procedures is a reliable method for a law enforcement expert. Mr. Baxter has reviewed the relevant information in this case, including the City of Kent police reports and the medical and officers' declarations. Although defendants argue out that Mr. Baxter has "never performed a felony stop in Washington," any lack of particularized expertise goes to the weight of Mr. Baxter's testimony, not its admissibility. See Motion at 3; United States v. Garcia, 7 F.3d 885, 890 (9th Cir. 1993). Notably, defendants chose not to depose Mr. Baxter.

For all these reasons, the Court finds Mr. Baxter's testimony reliable for trial, where

---

tested"; [2] whether it "has been subjected to peer review and publication"; [3] whether, in respect to a particular technique, there is a high "known or potential rate of error" and whether there are "standards controlling the technique's operation"; and [4] whether the technique enjoys "general acceptance" within a "relevant scientific community." Kumho Tire Co., 526 U.S. at 149 (ellipsis in original).

[2] In a different context, the Ninth Circuit concluded that Mr. Baxter's opinion was sufficiently reliable to reverse and remand summary judgment on a municipal liability claim, which had been rejected by the district court for lack of evidence. See Johnson v. Hawe, 388 F.3d 676, 686 (9th Cir. 2004) ("The district court rejected Johnson's municipal liability claim under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), on the basis that Johnson 'had set forth no evidence to support the establishment of a policy or custom' which the Chief followed in arresting Johnson. This ruling is incorrect because Johnson submitted the declaration of law enforcement expert Alan H. Baxter. Baxter opined that the Sequim Police Department's 'self-training' program, which assigned responsibility to the individual officer for keeping abreast of recent court decisions involving law enforcement, amounted to a 'failure to train' Sequim police officers about enforcement of suspected violations of the Privacy Act.").

ORDER DENYING DEFENDANTS' MOTION
TO EXCLUDE TESTIMONY OF PLAINTIFF'S
EXPERT ALAN BAXTER                       -3-

defendants will have an opportunity to vigorously cross-examine Mr. Baxter. See Daubert, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

### III. CONCLUSION

For all of the foregoing reasons, "Defendant's Motion to Exclude Testimony of Plaintiff's Expert Alan Baxter" (Dkt. #78) is DENIED.

DATED this 14th day of December, 2007.

*[signature]*
Robert S. Lasnik
United States District Judge